16-3760-cv
Zeng v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of August, two thousand seventeen.

PRESENT:  PIERRE N. LEVAL,
REENA RAGGI,
RAYMOND J. LOHIER, JR.,
                              *Circuit Judges*.

-----------------------------------------------------------------------
YING JING ZENG,

                              *Plaintiff-Appellant*,

                    v.                                          No. 16-3760-cv

UNITED STATES OF AMERICA,

                              *Defendant-Appellee*.
-----------------------------------------------------------------------

FOR APPELLANT:                  Ying Jing Zeng, *pro se*, Bronx, New York.

FOR APPELLEE:                   Rachel Balaban, Varuni Nelson, Assistant United States Attorneys, *for* Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 7, 2016, is AFFIRMED.

Appellant Ying Jing Zeng, *pro se*, sued the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, alleging that agents of the Transportation Security Administration ("TSA") negligently broke his antique jade dragon during an outgoing airport baggage inspection at New York's John F. Kennedy International Airport. He now appeals from an award of summary judgment to the Government, based on the district court's determination that Zeng failed to offer any evidence that the TSA caused the alleged damage.

We review an award of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences and resolving all ambiguities in that party's favor. *See Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 47 (2d Cir. 2012). In so doing, we assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

"The FTCA waives the government's sovereign immunity in actions for money damages arising out of injury, loss of property, personal injury or death caused by the 'negligent or wrongful' act or omission of a government employee 'while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Fountain v. Karim*, 838 F.3d 129, 135 (2d Cir. 2016) (quoting 28 U.S.C. § 1346(b)(1)). To prevail on a negligence claim in New York,

2

"a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Pasternack v. Lab. Corp. of Am. Holdings*, 27 N.Y.3d 817, 825, 37 N.Y.S.3d 750, 755 (2016) (internal quotation marks omitted). "If there are several possible causes of injury, for one or more of which defendant is not responsible, plaintiff cannot recover without proving the injury was sustained wholly or in part by a cause for which the defendant was responsible." *Aegis Ins. Servs., Inc. v. 7 World Trade Co..*, 737 F.3d 166, 179 (2d Cir. 2013) (internal quotation marks omitted). Zeng cannot make that showing here.

Undisputed record evidence shows that the box containing the dragon traveled from New York to Guangzhou, China—with a layover in Hong Kong—over a two-day period. The box and its contents were inspected by the TSA in New York, and the box was resealed with TSA-issued tape after the inspection. Only when the dragon arrived at its final destination in Guangzhou did Zeng notice that it was broken. Zeng admits that he did not see the New York inspection and that the box was handled thereafter by airport personnel in both Hong Kong and Guangzhou, as well as by a courier service that delivered the box to him in Guangzhou. This record shows that a number of actors could have damaged the dragon, and Zeng cannot point to any evidence showing that the TSA was wholly, or even partly, responsible.

For the first time on appeal, Zeng argues that an inference of the TSA's responsibility can be drawn from the fact that the TSA tape was intact when the box containing the dragon was delivered to him in Guangzhou. We generally do not rule on such belated arguments. *See Mhany Mgmt. v. Cty. of Nassau*, 819 F.3d 581, 615 (2d Cir.

3

2016) (reiterating "well-established general rule that an appellate court will not consider an issue raised for the first time on appeal," and will not exercise discretion to do so if argument was "available to the parties below and they proffer no reason for their failure to raise" it (internal quotation marks omitted)). Even if Zeng had properly raised this argument in the district court, it would warrant no different result because no record evidence indicates that the tape would have had to have been disturbed for the dragon to have been broken after the TSA inspection.

Finally, Zeng's arguments that the TSA and its counsel concealed and fabricated evidence cannot defeat summary judgment because they are unsupported by any evidence and wholly speculative. *See Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 319 (2d Cir. 2008) ("Conclusory statements, conjecture, and speculation are insufficient to create a genuine factual dispute.").

We have considered all of Zeng's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4